# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |  |
|---|---|---|
| JAVIER EDUARDO GUTIERREZ-QUINTANA, Petitioner, | §§§§ | |
| v. | §§ | Cause No. EP-25-CV-348-LS |
| CHARISMA EDGE, *Warden*, FCI La Tuna, Respondent. | §§§§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Javier Eduardo Gutierrez-Quintana, Federal Prisoner Number 18128-511, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] His petition is dismissed as moot.

## BACKGROUND

Gutierrez-Quintana is a former prisoner who was confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court, when he filed his petition.[2] He is no longer in custody as he was released by the Bureau of Prisons (BOP) on January 30, 2026.

Gutierrez-Quintana pleaded guilty in another district to possession of cocaine with intent to deliver.[3]

In his petition, Gutierrez-Quintana challenges "the manner in which Good Time Credits, First Step Act Credits, and Second Chance Act Credits are applied, and [his] release date is

---

[1] Pet'r's Pet., ECF No. 1.
[2] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 18128-511, last visited Apr. 10, 2026).
[3] Pet'r's Pet., ECF No. 1 at 1.

determined."[4]  He claims that the BOP is not applying Second Chance Act credits to his sentence.[5]

He maintains that he is also entitled to First Step Act credits from "April 15, 2020, to July 14,

2025, due to [his] productive activity which consisted of employment within the prison facility."[6]

He asserts that if the BOP had properly applied his First Step Act credits, he would have been

placed in a residential reentry center on or about December 22, 2024. He asks that the Court order

Respondent Charisma Edge "to properly provide all Good Time, First Step Act, and Second

Chance Act Credits that [he] is entitled to."[7]

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its

duration are the province of habeas corpus."[8] A prisoner may attack "the manner in which his

sentence is carried out or the prison authorities' determination of its duration" through a petition

for a writ of habeas corpus under 28 U.S.C. § 2241.[9] To prevail, a prisoner must show that he is

"in custody in violation of the Constitution or laws or treaties of the United States."[10]

## ANALYSIS

The Court finds that Gutierrez-Quintana satisfied the jurisdictional "in custody"

requirement of § 2241 when he filed his petition.[11]  But to maintain jurisdiction, the Court must

have an actual case or controversy before it at all stages of the proceedings to meet the

requirements of Article III, Section 2, of the Constitution.[12] Indeed, the Court is constrained to

---

[4] *Id.*
[5] *Id.* at 2.
[6] *Id.* at 3.
[7] *Id.* at 6.
[8] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[9] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).
[10] 28 U.S.C. § 2241(c).
[11] *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).
[12] *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

adjudicating "actual, ongoing controversies between litigants."[13]  So, "[a] case becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[14]

Gutierrez-Quintana's release from BOP custody may have mooted his § 2241 petition because the Court can no longer grant him all the Good Time, First Step Act, and Second Chance Act Credits that he believes he is entitled to receive.[15]  Moreover, the Court cannot order his placement in a community-based facility or his early release to supervision.

Still, "the possibility that the district court may alter [Gutierrez-Quintana's] period of supervised release pursuant to 18 U.S.C. § 3582(e)(2), if it determines that he has served excess prison time, [may prevent his] petition from being moot."[16]  But even if Gutierrez-Quintana had served a longer custodial sentence than required, he is not entitled to "'automatic credit' as a means of compensation."[17]

Additionally, Gutierrez-Quintana did not seek to modify his term of supervised release in his § 2241 petition. But even if he had sought such relief, this Court would not have jurisdiction to do so because only the sentencing court can modify the terms of a prisoner's supervised release.[18]

## CONCLUSION AND ORDERS

The Court concludes that Gutierrez-Quintana's release from BOP custody mooted his §

---

[13] *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).

[14] *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

[15] Pet'r's Pet., ECF No. 1 at 6.

[16] *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006).

[17] *United States v. Jeanes*, 150 F.3d 483, 485 (5th Cir. 1998).

[18] *See* 18 U.S.C. § 3601 ("A person who has been … placed on supervised release … shall … be supervised by a probation officer to the degree warranted by the conditions specified by the sentencing court."); *id*. § 3605 ("A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter ...").

2241 petition, notwithstanding his continued supervision, because the Court can no longer grant the relief that he seeks in his petition.[19] The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Javier Eduardo Gutierrez-Quintana's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 10th day of April 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[19] Pet'r's Pet., ECF No. 1 at 6; *see Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement").